DEF ✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DAVID ALLEN,

                Petitioner,

           -against-

JOSEPH COSTELLO, Superintendent,
Midstate Correctional Facility,
                Respondent.
----------------------------------------------------X

MEMORANDUM & ORDER

03 CV 4957

DEARIE, Chief Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the petition to Magistrate Judge Lois Bloom for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).

In her report dated February 20, 2007, Magistrate Judge Bloom recommends that petitioner's application be denied. Petitioner filed objections dated May 15, 2007. This Court has reviewed the petition de novo, and for the reasons set forth below, adopts the Report and Recommendation.

**Background**

As set forth in Magistrate Judge Bloom's Report and Recommendation, petitioner was arrested as a result of a "buy and bust" operation. On the night of September 29, 2000, an undercover agent purchased $20 worth of "rock" cocaine in blue ziplock bags from petitioner with pre-recorded money. The transaction took place on an empty street in a residential area. The undercover agent radioed a description of petitioner to field agents, including his clothing, his location and the direction in which he was walking. As he was leaving the scene, the undercover saw the field agents moving toward plaintiff to affect his arrest.

When petitioner was arrested, no narcotics were found on him, and the pre-recorded buy money was not recovered. The field agents initially drove past petitioner, and then backed their car down the street to him. When one of the detectives attempted to handcuff petitioner, a struggle ensued. The undercover agent returned to the scene and positively identified petitioner. He vouchered the drugs, and they were sent for testing.

Police chemist Betsie Bruno testified that she received for analysis two plastic bags, one inside another. The outside bag contained a drug residue that tested positive for cocaine based on standard laboratory tests. The tests performed on the larger quantity contained in the inside bag were inconclusive. Bruno then sent the larger quantity to another laboratory for additional testing. The lab report indicated that the substance was cocaine, and Bruno testified accordingly at trial.

Petitioner was found guilty of third-degree criminal sale of a controlled substance, second-degree assault, and resisting arrest. On May 2, 2001, he was sentenced as a second violent felony offender to concurrent terms of five to ten years, five years and one year imprisonment, respectively.

Petitioner appealed, arguing that he was denied due process and his Sixth Amendment confrontation right when the trial judge curtailed the examination of one of the field agents regarding the unrecovered buy money. The agent testified that in twenty to twenty-five percent of the cases buy money is not recovered. (Tr. 466.) On re-cross, and again on re-direct, he explained that a seller may pass the buy money to another person or hide the money on the street. (Tr. 466-68.) Defense counsel then asked whether he received any communication from the undercover that petitioner was working with another person. (Tr. 468.) The prosecutor objected,

2

and the judge sustained the objection, ruling that the question was outside the scope. Petitioner specifically challenged this ruling. In addition, petitioner filed a pro se supplemental brief claiming that the police did not have probable cause to arrest him and the undercover agent's identification of him should have been suppressed; there was insufficient evidence to convict him of second-degree assault; the drug evidence should not have been admitted at trial; and the trial court erred in denying petitioner's pro se application for independent laboratory analysis of the drugs.

The Appellate Division rejected all of petitioner's claims on the merits, including those raised in the pro se supplemental brief, People v. Allen, 749 N.Y.S.2d 881 (2002), and the Court of Appeals denied leave to appeal on February 28, 2003, People v. Allen, 99 N.Y.2d 611 (2003). On April 4, 2003, petitioner moved to set aside his sentence pursuant to New York Criminal Procedure Law § 440, raising again claims that the drug evidence was improperly admitted and the trial court erred in denying his motion for independent analysis, and adding a claim regarding the grand jury proceedings. Petitioner's motion was denied on the ground that his claims, based upon matters in the record that were raised or could have been raised on appeal, were procedurally barred.

Petitioner filed this petition on September 18, 2003. He continues to challenge the trial court's denial of his motion for independent laboratory testing, the admission of the undercover agent's identification of him, and the admission of the drug evidence. In addition, he challenges the effectiveness of trial counsel. On November 29, 2004, petitioner moved for a stay to allow him to return to state court to exhaust an ineffective assistance of appellate counsel claim. Petitioner filed his application for a writ of error coram nobis on March 29, 2005. He argued that

3

counsel was ineffective for failing to raise claims regarding the chain of custody of the drug evidence; the admission of Bruno's testimony based on the report and the failure of the chemist who performed the additional testing to appear at trial; and the authenticity of the drugs. In addition, petitioner faulted counsel for failing to adequately develop the claim that was raised on appeal. The motion was denied on the merits, People v. Allen, 799 N.Y.S.2d 910 (2005), and leave to appeal was denied. Magistrate Judge Bloom lifted the stay and granted petitioner permission to amend his petition to include the ineffective assistance of counsel claim.

## Discussion

As set forth in Magistrate Judge Bloom's Report and Recommendation, petitioner's ineffective assistance of trial counsel claim is unexhausted. Petitioner failed to raise the claim on direct appeal and in his § 440 motion and would now be procedurally barred from doing so. Although the claim is deemed exhausted because petitioner can no longer raise it in state court, it is procedurally defaulted, and petitioner has failed to demonstrate cause for the default. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994). In any case, as Magistrate Judge Bloom correctly determined, the claim is meritless.

Petitioner's other claims were raised and adjudicated on the merits in state court. In reviewing these claims, Magistrate Judge Bloom appropriately applied the deferential standard set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The statute provides that a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States." 28 U.S.C. § 2254(d)(1).

Petitioner appears to misunderstand that the claims he raised in his pro se supplemental brief on appeal were adjudicated on the merits even though the Appellate Division denied them without citation to specific authority. "A state court need not analyze each individual claim or cite federal law in order to adjudicate a claim, so long as it states it is disposing of the claim on the merits, and it issues a judgment." Ryan v. Miller, 303 F.3d 231, 246 (2d Cir. 2002). The Second Circuit has explicitly found that the deferential AEDPA standard of review applies even "where the claim was dismissed by the state court with the blanket phrase, '[D]efendant's remaining contentions are without merit.'" Id. (quoting Brown v. Artuz, 283 F.3d 492, 498 (2d Cir.2002) (internal quotation marks omitted)).

Petitioner contends that because of purported gaps in the chain of custody, the drugs purchased by the undercover agent were improperly admitted into evidence. As Magistrate Judge Bloom concluded, the admission of the drug evidence was neither contrary to nor an unreasonable application of clearly established Federal law. Relief may not be granted on habeas for erroneous evidentiary rulings, which are generally a matter of state law, unless the erroneous ruling was "an error of constitutional dimension" resulting in a fundamentally unfair trial. Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988); see also Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985). Such an error occurs if "the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record

5

without it." Id. at 19. In this case, the trial court's admission of the evidence was not erroneous as a matter of state law, and, accordingly, no error of constitutional dimension occurred. The undercover agent identified the voucher form he filled out, the undercover envelope and manilla envelope he placed the evidence in, and the blue ziplock bags from petitioner. Bruno confirmed that she received the bags in the undercover envelope and manilla envelope and tested the contents of the bags.

Petitioner also argues that his Sixth Amendment Confrontation Clause rights were violated because the chemist who performed the additional testing on the contents of the inside bag was not present at trial for cross-examination and the test report constituted inadmissible hearsay. Petitioner's claims are without merit. "Expert reliance upon the output of others does not necessarily violate the confrontation clause where the expert is available for questioning concerning the nature and reasonableness of his reliance." Reardon v. Manson, 806 F.2d 39, 42 (2d Cir. 1986). Moreover, Crawford v. Washington, 541 U.S. 36, 59 (2004) (overrruling Ohio v. Roberts, 448 U.S. 56 (1980) and holding that "testimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the declarant]"), does not apply retroactively to cases on collateral review. Whorton v. Bockting, 127 S.Ct. 1173 (2007). The Appellate Division's rejection of petitioner's Confrontation Clause claim was neither contrary to nor an unreasonable application of Supreme Court precedent.

The Appellate Division's rejection of petitioner's claim that the trial court erred in refusing to grant petitioner's pro se motion for independent laboratory analysis also was neither contrary to nor an unreasonable application of Supreme Court precedent. Petitioner chose to be

represented by counsel at the time, and as Magistrate Judge Bloom elaborates in rejecting petitioner's defaulted ineffective assistance of trial counsel claim, counsel ably represented him. In addition, habeas relief based on petitioner's claim that the identification made by the undercover agent should have been suppressed because he was arrested without probable cause is clearly barred by Stone v. Powell, 428 U.S. 465 (1976).

Finally, the Appellate Division's rejection of petitioner's ineffective assistance of appellate counsel claim was neither contrary to nor an unreasonable application of Federal law. For the reasons stated in appellate counsel's affirmation and above, none of the claims petitioner faults counsel for failing to raise have merit.

## Conclusion

The Court has considered the petition de novo and adopts the Report and Recommendation. For the reasons explained therein and above, petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 4, 2008

s/ Judge Raymond J.
RAYMOND J. DEARIE
United States District Judge