UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID ALLEN,

        Petitioner,                      **MEMORANDUM AND ORDER**
                                                  03-CV-4957 (RJD) (LB)

        -against-

JOSEPH COSTELLO, Superintendent
of Midstate Correctional Facility

        Respondent.
-------------------------------------------------------x
DEARIE, Chief Judge.

By order dated January 4, 2008, the Court adopted the Report and Recommendation denying petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and judgment to that effect was entered by the Clerk of Court on January 8, 2008. On January 9, 2008, this Court received a letter from petitioner dated January 4, 2008, in which he asks this Court for permission to amend his petition. Accordingly, the Court will construe petitioner's letter as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"). For the reasons set forth below, petitioner's motion for reconsideration is denied.

## DISCUSSION

The facts in this case are set forth in detail in this Court's ruling on petitioner's § 2254 motion, familiarity with which is assumed. Petitioner was found guilty of third-degree criminal sale of a controlled substance, second-degree assault, and resisting arrest. Petitioner now moves for reconsideration of the denial of his petition for a writ of habeas corpus based upon a newly asserted claim; namely, that the crime lab which tested the drug evidence that formed the basis

for his criminal conviction has been the subject of a recent investigation for alleged negligence and misconduct. To buttress his argument, petitioner attaches copies of two newspaper articles regarding problems within the New York City Police Department's crime lab. See Articles, annexed to Petitioner's Motion.

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the sound discretion of the court. See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., No. 07 Civ. 2014, 2007 WL 2049730, at *1 (S.D.N.Y. July 13, 2007) (noting that although plaintiff did not state "the precise basis" for its motion, Local Civil Rule 6.3 governed motions for reconsideration). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked ...." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); Koehl v. Warden, No. 00 CV 6499, 2007 WL 680767, at *1 (E.D.N.Y. Mar. 2, 2007).

A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. A motion for reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, see Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd., No. 06 Civ. 1055, 2007 WL 1406624, at *1 (S.D.N.Y. May 9, 2007) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), nor is it an opportunity to "advance new facts, issues or arguments not previously presented to the Court. Hunt v. Biochem, Inc., No. 06 Civ. 0170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) (quoting Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991)).

Here, petitioner fails to allege that the Court overlooked any controlling legal authority or factual information in the record. Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02 Civ. 4635, 2006 WL 2517082, at *1 (S.D.N.Y. Aug. 31, 2006). Instead, petitioner seeks to assert new facts and arguments that were not set forth in his original habeas petition. Specifically, petitioner seeks reconsideration based on speculation regarding wrongdoing within the New York City Police Department crime lab. The law in this Circuit is clear: a party is not permitted to put forth "new facts, issues or arguments that were not presented to the court on [the original] motion." See Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (quoting Xiao v. Continuum Health Partners, Inc., No. 01 Civ. 8556, 2002 WL 31760213, at *3 (S.D.N.Y. Dec. 9, 2002)).

Moreover, the claim that petitioner now seeks to raise has not been exhausted in the state courts. See, e.g., Baldwin v. Reese, 541 U.S. 27 (2004); Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005) ( to be eligible for habeas relief, the substance of claim must have been fairly presented to the state court). Therefore, petitioner may not raise a new claim, for the first time, in a motion for reconsideration.

## CONCLUSION

Accordingly, petitioner's motion for reconsideration is denied. Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. 28 U.S.C. §2253(c)(2); Lucidore v. New York State Div. Of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000) (upholding issue of a certificate of appealability upon finding of a substantial showing that a constitutional right had been denied).

Petitioner shall have 30 days from the entry of this order to file a notice of appeal from the judgment entered denying his application for a writ of habeas corpus under Federal Rule of Appellate Procedure 4(a)(4)(A)(v). However, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: February 7, 2008
Brooklyn, New York

4